IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMIE KING | § | |
| v. | § | CIVIL ACTION NO. 5:19cv61 |
| OFFICER ARNOLD, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Jimmie King, a former inmate of the Bradshaw State Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Bowie County Correctional Center. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claims. By separate order, the Magistrate Judge directed Plaintiff to pay the statutory filing fee or submit a proper application for leave to proceed *in forma pauperis*. Copies of these orders were sent to Plaintiff at his last known address, but were returned with the notation that they were undeliverable and could not be forwarded. The lawsuit form filed by Plaintiff contains a declaration acknowledging that Plaintiff understands it is his responsibility to keep the Court informed of his current mailing address (docket no. 1, p. 5).

The Magistrate Judge thereupon issued a Report recommending the lawsuit be dismissed without prejudice for failure to prosecute, with the statute of limitations suspended for ninety days in order to prevent the dismissal without prejudice from acting as a *de facto* dismissal with prejudice and protect the Plaintiff's right to refile within the statute of limitations. The Fifth Circuit has

explained that dismissals for failure to prosecute are reviewed for abuse of discretion, but the scope of the discretion is narrowed if the statute of limitations would bar prosecution of a suit dismissed without prejudice on this basis; there must be a "clear record of delay or contumacious conduct" on the part of the plaintiff, or the record must show that lesser sanctions proved futile. *Bell v. Waste Management, Inc.*, 246 F.App'x 848 (5th Cir. 2007), *citing Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

A copy of the Magistrate Judge's Report was sent to Plaintiff at his last known address, but was returned with the notation that he had been discharged from custody. Because no objections were timely filed, Plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the record in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** that the statute of limitations on the claims raised in this lawsuit is **SUSPENDED** for a period of ninety (90) days following the date of entry of final judgment in this case. This suspension of the limitation period affects only those claims which were not barred by limitations as of the date the original complaint was signed, on May 5, 2019. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED and SIGNED** this 25th day of November, 2020.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE